

**The following constitutes the order of the Court.**

Signed October 27, 2005                                                                 United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARK RANDALL BOWLES, d/b/a | § | Case No. 04-38098 HDH-7 |
| THE PARTY PROFESSIONALS | § | |
| | § | |
| Debtor. | | |

| | | |
|---|---|---|
| DEBORAH K. WILLIAMS and | § | |
| KIM I. QUIGLEY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 05-3100 |
| | § | |
| MARK RANDALL BOWLES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION ON DISCHARGEABILITY COMPLAINT

Came before the Court for trial on October 25, 2005, the Complaint objecting to

dischargeability, pursuant to 11 U.S.C. § 523(a)(6), filed by Plaintiffs, Deborah K. Williams and

Kim I. Quigley. In the Complaint, the Plaintiffs seek to except from discharge their claim based on a state court judgment for slander.

In the case of *Raspanti v. Keaty (In re Keaty),* 397 F.3d 264 (5th Cir. 2005), Chief Judge Carolyn Dineen King discussed the Fifth Circuit standard for maintaining a cause of action under § 523(a)(6) of the Bankruptcy Code, as follows:

> Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt incurred for willful and malicious injury by the debtor to another entity. 11 U.S.C. § 523(a)(6)(2004). Section 523(a)(6) of the Bankruptcy Code specifically provides:
>
>> § 523. Exceptions to discharge
>> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ...
>> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
>
> *Id.* The Supreme Court, in *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), stated that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." The Fifth Circuit extended *Kawaauhau's* reasoning in *Miller v. J.D. Abrams, Inc. (In re Miller),* 156 F.3d 598, 603 (5th Cir. 1998), and stated that "either objective substantial certainty [of injury] or subjective motive [to injure] meets the Supreme Court's definition of 'willful ... injury' in § 523(a)(6)." (third alteration in original). The court in *Miller* went on to define the word "malicious" and specifically rejected that it meant an act without just cause or excuse. *Id.* at 605. Instead, the court defined "malicious" as an act done with the actual intent to cause injury. *Id.* at 606. The court noted that this definition is synonymous with the definition of "willful" and thus aggregated "willful and malicious" into a unitary concept. Thus, the court held that "an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *Id.* at 606; *see also Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 509 (5th Cir.2003).

*Keaty*, 397 F.3d at 269-70.

In the present case, Plaintiff, Kim Quigley, testified and the Defendant, Mark Bowles, testified. Both sides offered documents into evidence. The witnesses' testimony was in conflict and this Court is called to decide which witness was more credible.

The Plaintiffs' claim in this case is based on a state court judgment issued in Cause No. 98-00184, County Court at Law #1, Dallas County, Texas.  *See* Plaintiffs' Exhibit 4.  That judgment found for the Plaintiffs on their claims for slander per se against Mr. Bowles.  Therefore, the primary issue before this Court is whether the Defendant made false statements about the Plaintiffs wilfully and maliciously.

The testimony and the written evidence supports the Plaintiffs.  The letter written by counsel for the Plaintiffs around the time the statements were made and right after the Defendant left a message on Plaintiffs' answering machine indicates that the Defendant accused the Plaintiffs of stealing.  Defendant's reply a day later does not deny that such statements were made.  Likewise, counsel for Plaintiffs' letter refers to Defendant's plans to tell "the whole city" that Plaintiffs were guilty of stealing, and this was not denied in the Defendant's response letter the next day.

Defendant did send a fax several months later to Plaintiffs after the slander law suit was filed in state court indicating that he had spoken to a lawyer about felony charges against Plaintiffs.  And, in the same letter he offered that he would "no longer discuss this matter with anyone."  *See* Plaintiffs' Exhibit 2.

Defendant testified in court that he told other people in the industry that Plaintiffs had acted "unethically."  Those statements were made at a gathering in which it should have been obvious that such statements would hurt Plaintiffs' future business.  Ms. Quigley testified credibly that Mr. Bowles told other people that she and her partner had stolen items from his client, Ms. Baumman.

In his testimony, Defendant did not deny making disparaging statements about Plaintiffs,

but rather equates them to statements made by a critic. The evidence suggests otherwise. Defendant and Plaintiffs had a falling out. Defendant in his anger left an ugly message with Plaintiffs and was warned by counsel to stop. Defendant did not stop and instead spread tales of stealing with folks in the Plaintiffs' industry. After reviewing the record as a whole, the Plaintiffs' version of these events is credible. Defendant's is not.

Because debtors generally deny that they had a subjective motive to cause harm, most cases that hold debts to be nondischargable do so "under the objective standard, if [the debtor's] acts were substantially certain to result in injury." *Miller v. J.D. Abrams, Inc.* (*In re Miller*), 156 F.3d 598, 604 (5th Cir. 1998). Similarly, the Court finds that, at the least, the objective standard has been met in this case. Further, from the record, the Court finds that the Debtor had the motive to cause injury to the Plaintiffs'. Therefore, A judgment of nondichargeability will be entered in favor of Plaintiffs.

###End of Opinion###